UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EUGENE BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | No. 08 C 233 |
| | ) | |
| vs. | ) | |
| | ) | |
| CITY OF CHICAGO, ILLINOIS | ) | Judge Manning |
| and CHICAGO POLICE OFFICER | ) | |
| I. LEE, JR., Star No. 10353, | ) | Magistrate Judge Ashman |
| and CHICAGO POLICE OFFICER | ) | |
| S. S. BRANDON, Star No. 18866, | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |

**INDIVIDUAL DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, AND JURY DEMAND**

Defendants Lee and Brandon (collectively "Individual Defendants"), by and through one of their attorneys, Shneur Z. Nathan, hereby submit the foregoing Answer to Plaintiff's Complaint:

**JURISDICTION and VENUE**

1. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiff s rights as secured by the United States Constitution.

**ANSWER:** Individual Defendants admit that Plaintiff purports to bring a civil rights action pursuant to 42 U.S.C. § 1983, but deny that the United States Constitution provides Plaintiff with a direct cause of action. Individual Defendants admit that Plaintiff's Complaint purports to seek relief for certain acts, but deny any wrongful conduct.

2. This Court has jurisdiction of the action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367.

**ANSWER:** Individual Defendants admit that jurisdiction is proper in the United States District Court for the Northern District of Illinois.

3. Venue is proper under 28 U.S.C. § 1391(b). All parties reside in this judicial district and the events giving rise to the claims asserted in this complaint occurred within this district.

**ANSWER:** **Individual Defendants lack sufficient knowledge or information to form a belief as to the location of Plaintiff's residence. Individual Defendants admit the remaining allegations contained in the above paragraph.**

## PARTIES

4. At all times relevant hereto, Plaintiff Eugene Brown was a 27 year-old, male African-American resident of Chicago, Illinois.

**ANSWER:** **Individual Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in the above paragraph.**

5. Defendant Officers were at all relevant times Chicago Police Officers employed by the City of Chicago and acting within the scope of their employment and under color of law.

**ANSWER:** **Individual Defendants admit the allegations set forth in the above paragraph.**

6. Defendant City of Chicago is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant Officers.

**ANSWER:** **Individual Defendants admit the allegations set forth in the above paragraph.**

## FACTUAL ALLEGATIONS

7. On or about January 11, 2007, Plaintiff was in his residence located at 511 E. Browning Ave., #506, Chicago, Illinois 60653.

**ANSWER:** **Individual Defendants lack sufficient knowledge or information to form a belief as to the truth of whether Plaintiff resided at the location described in the above paragraph. Answering further, Individual Defendants admit the remaining allegations set forth in the above paragraph.**

2

8.      At this time and at all times relevant hereto, Plaintiff was acting fully in conformity with all laws, statutes, and ordinances of the United States, the State of Illinois, and the City of Chicago.

**ANSWER:      Individual Defendants deny the allegations set forth in the above paragraph.**

9.      At this time Defendant Officers entered Plaintiffs residence without an arrest warrant, without a search warrant, without exigent circumstances, and without probable cause to believe that Plaintiff was committing or had committed a crime.

**ANSWER:      Individual Defendants admit no warrant was issued in this case and that they entered the residence located at 511 E. Browning Ave., #506, Chicago, Illinois 60653, but deny the remaining allegations set forth in the above paragraph.**

10.     Defendant Officers proceeded to forcibly place Plaintiff on the ground while they placed him in handcuffs in an overly restrictive manner and then searched Plaintiffs person and his residence, including his children's bedrooms.

**ANSWER:      Individual Defendants admit that Defendant Lee placed Plaintiff in handcuffs and searched his person, but deny the remaining allegations set forth in the above paragraph.**

11.     Plaintiff was illegally arrested without being informed of the charges being placed against him after he was unable to produce names of individuals possessing illegal drugs and guns upon demands by Defendant Officers to do so.

**ANSWER:      Individual Defendants deny the allegations set forth in the above paragraph.**

12.     Defendant Officers then transported Plaintiff to the 2nd District Chicago Police Station where he was falsely charged with possession of a controlled substance in violation of 720 ILCS 570.0/402-C and manufacturing/delivery of a controlled substance in violation of 720 ILCS 570.0/40l-C-2.

**ANSWER:      Individual Defendants admit Plaintiff was transported to the 2nd District and was charged with, among other things, possession and delivery of a controlled substance. Individual Defendants deny the charges were false. Individual Defendants lack**

sufficient knowledge or information to form a belief as to who transported Plaintiff.

13.     Plaintiff remained in custody until September 5, 2007, when these false charges were dismissed against Plaintiff by a Cook County Judge.

**ANSWER:     Individual Defendants deny that any charges against Plaintiff were false. Answering further, Individual Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in the above paragraph.**

### Count 1-42 U.S.C. § 1983 False Arrest

14.     Plaintiff re-alleges paragraphs 1 through 13 as if fully repleaded herein.

**ANSWER:     Individual Defendants reassert their answers to paragraphs 1 through 13 and incorporate those answers herein as their answer to paragraph 14, as though fully stated.**

15.     On October 31, 2006, Plaintiff was seized and arrested without a warrant and without probable cause. This seizure and arrest were in violation of the Plaintiffs rights secured under the Fourth and Fourteenth Amendments of the Constitution of the United States.

**ANSWER:     Individual Defendants deny the allegations set forth in the above paragraph.**

16.     Defendant Officers unlawfully and maliciously arrested Plaintiff and wrongfully detained and searched him without any legal right to do so, in their official capacity as law enforcement officers, under color of state law, and acting within the scope of their employment.

**ANSWER:     Individual Defendants admit they acted as police officers, under color of law, and in the scope of their employment. Answering further, Individual Defendants deny the remaining allegations set forth in the above paragraph.**

17.     The Chicago Police Department has an unwritten policy of failing to update and inform its Police Officers regarding the state of the law of the United States and the State of Illinois.

**ANSWER:     Individual Defendants make no answer to this paragraph because it is not directed at them. To the extent an answer is required, Individual Defendants deny the**

4

allegations set forth in the above paragraph.

18.     The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

   a.  As a matter of both policy and practice, the Chicago Police Department directly encourages the type of misconduct at issue here by failing to adequately train, supervise and control its officers, and its failure to do so constitutes deliberate indifference;
   b.  As a matter of both policy and practice, the Chicago Police Department facilitates the type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting Plaintiff; specifically, Chicago Police Officers accused of misconduct are aware that the Office of Professional Standards will not fully investigate these accusations and will almost always refuse to recommend discipline even where the officer has engaged in wrongdoing;
   c.  As a matter of widespread practice so prevalent as to comprise municipal policy, Officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;
   d.  Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which Officers fail to report misconduct committed by other Officers, such as the misconduct at issue in this case;
   e.  The City of Chicago has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here;
   f.  As a matter of express policy, the City of Chicago does not retain any records which are more than five years old documenting allegations of misconduct against police officers, thereby preventing the City from ascertaining any patterns of abuse which might develop over the course of a Police Officer's career;
   g.  As a matter of express policy, the City of Chicago refuses to take into consideration patterns of allegations of civil rights violations when evaluating the merits of any particular complaint. Regardless, the number of times an Officer is accused of the same misconduct, the Officer of Professional Standards is forbidden by the City from considering those allegations if they are deemed "unsustained"; and,
   h.  The problem with the policy identified in the preceding paragraph is that by its own accounting, the City sustains less than 5% of the complaints brought against Police Officers for violations of civil rights.

**ANSWER:**     Individual Defendants make no answer to this paragraph because it

5

is not directed at them. To the extent an answer is required, Individual Defendants deny the allegations set forth in the above paragraph.

19.     The acts committed by Defendant Officers were done maliciously, willfully and wantonly, intentionally, and with reasonable certainty that the acts were in violation of the Plaintiffs constitutional rights and would cause harm to the Plaintiff.

**ANSWER:** **Individual Defendants deny the allegations set forth in the above paragraph.**

**WHEREFORE, Individual Defendants pray that this Court enter judgment in their favor on Plaintiff's First Amended Complaint, award Individual Defendants such fees and costs as allowed by law, and grant such further relief as this Court deems just, fair, and proper.**

### Count II - 42 U.S.C. § 1983 Unlawful Search

20.     Plaintiff re-alleges paragraphs 1 through 13 as if fully repleaded herein.

**ANSWER:** **Individual Defendants reassert their answers to paragraphs 1 through 13 and incorporate those answers herein as their answer to paragraph 20, as though fully stated.**

21.     Defendant Officers searched Plaintiff without a search warrant and without probable cause to believe Plaintiff was committing or had committed a crime in violation of the 4th Amendment to the United States Constitution.

**ANSWER:** **Individual Defendants admit that they searched Plaintiff and no warrant was issued. Individual Defendants deny the remaining allegations set forth in the above paragraph.**

22.     The Chicago Police Department has an unwritten policy of failing to update and inform its Police Officers regarding the state of the law of the United States and the State of Illinois.

**ANSWER:** **Individual Defendants make no answer to this paragraph because it is not directed at them. To the extent an answer is required, Individual Defendants deny the**

6

allegations set forth in the above paragraph.

23. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

    a. As a matter of both policy and practice, the Chicago Police Department directly encourages the type of misconduct at issue here by failing to adequately train, supervise and control its officers, and its failure to do so constitutes deliberate indifference;

    b. As a matter of both policy and practice, the Chicago Police Department facilitates the type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting Plaintiff; specifically, Chicago Police officers accused of misconduct are aware that the Office of Professional Standards will not fully investigate these accusations and will almost always refuse to recommend discipline even where the officer has engaged in wrongdoing;

    c. As a matter of widespread practice so prevalent as to comprise municipal policy, Officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;

    d. Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which Officers fail to report misconduct committed by other Officers, such as the misconduct at issue in this case;

    e. The City of Chicago has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here;

    f. As a matter of express policy, the City of Chicago does not retain any records which are more than five years old documenting allegations of misconduct against police officers, thereby preventing the City from ascertaining any patterns of abuse which might develop over the course of a Police Officer's career;

    g. As a matter of express policy, the City of Chicago refuses to take into consideration patterns of allegations of civil rights violations when evaluating the merits of any particular complaint. Regardless, the number of times an Officer is accused of the same misconduct, the Officer of Professional Standards is forbidden by the City from considering those allegations if they are deemed "unsustained"; and,

    h. The problem with the policy identified in the preceding paragraph is that by its own accounting, the City sustains less than 5% of the complaints brought against Police Officers for violations of civil rights.

**ANSWER:** Individual Defendants make no answer to this paragraph because it

is not directed at them. To the extent an answer is required, Individual Defendants deny the allegations set forth in the above paragraph.

    24.    The aforementioned actions of the Defendant Officers proximately caused Plaintiff to be deprived of his 4th Amendment right to be free from unlawful searches.

    **ANSWER:**    **Individual Defendants deny the allegations set forth in the above paragraph.**

    WHEREFORE, Individual Defendants pray that this Court enter judgment in their favor on Plaintiff's First Amended Complaint, award Individual Defendants such fees and costs as allowed by law, and grant such further relief as this Court deems just, fair, and proper.

### Count III - 42 U.S.C. § 1983 Conspiracy

    25.    Plaintiff re-alleges paragraph 1 through 13 as if fully repleaded herein.

    **ANSWER:**    **Individual Defendants reassert their answers to paragraphs 1 through 13 and incorporate those answers herein as their answer to paragraph 25, as though fully stated.**

    26.    Defendant Officers and Defendant City of Chicago reached an understanding, engaged in a sequence of events or course of conduct and otherwise agreed and conspired together to violate the constitutional rights of Plaintiff.

    **ANSWER:**    **Individual Defendants deny the allegations set forth in the above paragraph.**

    27.    Each Defendant did reach this understanding and agreement and did engage in this course of conduct with the mutual purpose, objective and knowledge that it would deprive Plaintiff of his right of due process, as guaranteed by the constitution.

    **ANSWER:**    **Individual Defendants deny the allegations set forth in the above paragraph.**

    28.    Additionally, said conspiracy and joint action violated Plaintiffs 4th Amendment

rights, under color of law, in contravention of 42 U.S.C. § 1983.

**ANSWER:    Individual Defendants deny the allegations set forth in the above paragraph.**

29.    The Chicago Police Department has an unwritten policy of failing to update and inform its Police Officers regarding the state of the law of the United States and the State of Illinois.

**ANSWER:    Individual Defendants make no answer to this paragraph because it is not directed at them. To the extent an answer is required, Individual Defendants deny the allegations set forth in the above paragraph.**

30.    The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

   a.  As a matter of both policy and practice, the Chicago Police Department directly encourages the type of misconduct at issue here by failing to adequately train, supervise and control its officers, and its failure to do so constitutes deliberate indifference;
   b.  As a matter of both policy and practice, the Chicago Police Department facilitates the type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting Plaintiff; specifically, Chicago Police officers accused of misconduct are aware that the Office of Professional Standards will not fully investigate these accusations and will almost always refuse to recommend discipline even where the officer has engaged in wrongdoing;
   c.  As a matter of widespread practice so prevalent as to comprise municipal policy, Officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;
   d.  Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which Officers fail to report misconduct committed by other Officers, such as the misconduct at issue in this case;
   e.  The City of Chicago has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here;
   f.  As a matter of express policy, the City of Chicago does not retain any records which are more than five years old documenting allegations of misconduct against police officers, thereby preventing the City from ascertaining any

9

       patterns of abuse which might develop over the course of a Police Officer's career;

   g.   As a matter of express policy, the City of Chicago refuses to take into consideration patterns of allegations of civil rights violations when evaluating the merits of any particular complaint. Regardless, the number of times an Officer is accused of the same misconduct, the Officer of Professional Standards is forbidden by the City from considering those allegations if they are deemed "unsustained"; and,

   h.   The problem with the policy identified in the preceding paragraph is that by its own accounting, the City sustains less than 5% of the complaints brought against Police Officers for violations of civil rights.

**ANSWER:** **Individual Defendants make no answer to this paragraph because it is not directed at them. To the extent an answer is required, Individual Defendants deny the allegations set forth in the above paragraph.**

31.    This course of conduct by Defendants was done willfully, maliciously, intentionally, or with reckless disregard and gross negligence, and directly and proximately caused injury and harm to Plaintiff.

**ANSWER:** **Individual Defendants deny the allegations set forth in the above paragraph.**

**WHEREFORE, Individual Defendants pray that this Court enter judgment in their favor on Plaintiff's First Amended Complaint, award Individual Defendants such fees and costs as allowed by law, and grant such further relief as this Court deems just, fair, and proper.**

Count IV-Malicious Prosecution

32.    Plaintiff re-alleges paragraphs 1 through 13 as if fully repleaded herein.

**ANSWER:** **Individual Defendants reassert their answers to paragraphs 1 through 13 and incorporate those answers herein as their answer to paragraph 32, as though fully stated.**

33.    Defendant Officers initiated and continued judicial proceedings against Plaintiff by intentionally making knowingly false statements in police reports and causing false testimony to be

presented to a Cook County judge. This false and malicious conduct resulted in Plaintiff being charged with and prosecuted for unlawful use of a weapon.

**ANSWER:** **Individual Defendants deny the allegations set forth in the above paragraph.**

34. Defendant Officers instituted the judicial proceedings against Plaintiff with malice and with willful and wanton disregard for the truth.

**ANSWER:** **Individual Defendants deny the allegations set forth in the above paragraph.**

35. Defendant Officers brought said false charges and continued the prosecution of such false charges in order to cover up their own illegal conduct.

**ANSWER:** **Individual Defendants deny the allegations set forth in the above paragraph.**

36. On June 11, 2007 Plaintiffs case was dismissed by a Cook County Judge for a finding of not guilty.

**ANSWER:** **Individual Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in the above paragraph.**

37. As a direct and proximate result of this illegal and malicious conduct, Plaintiff has suffered extensive damages, including but not limited to: severe emotional harm, legal and other out-of-pocket costs and other damages which will be proven at trial.

**ANSWER:** **Individual Defendants deny the allegations set forth in the above paragraph.**

WHEREFORE, Individual Defendants pray that this Court enter judgment in their favor on Plaintiff's First Amended Complaint, award Individual Defendants such fees and costs as allowed by law, and grant such further relief as this Court deems just, fair, and proper.

## Count V - False Imprisonment

38.     Plaintiff re-alleges paragraphs 1 through 13 as if fully repleaded herein.

**ANSWER:     Individual Defendants reassert their answers to paragraphs 1 through 13 and incorporate those answers herein as their answer to paragraph 38, as though fully stated.**

39.     Jurisdiction of this court is invoked pursuant to its supplemental jurisdiction under title 28, United States Code §1367.

**ANSWER:     Individual Defendants admit that jurisdiction is proper in the United States District Court for the Northern District of Illinois.**

40.     On January 11, 2007, Plaintiff was seized and detained without a warrant and without probable cause. This detention and seizure was in violation of the Plaintiffs rights secured under the Fourth and Fourteenth Amendments of the Constitution of the United States.

**ANSWER:     Individual Defendants deny the allegations set forth in the above paragraph.**

41.     Defendant Officers and Defendant City unlawfully seized, detained, and wrongfully searched Plaintiff without any legal right to do so.

**ANSWER:     Individual Defendants deny the allegations set forth in the above paragraph.**

42.     The acts committed by Defendant Officers and Defendant City were done maliciously, willfully and wantonly, intentionally, and with reasonable certainty that the acts were in violation of the Plaintiffs constitutional rights and would cause harm to the Plaintiff.

**ANSWER:     Individual Defendants deny the allegations set forth in the above paragraph.**

WHEREFORE, Individual Defendants pray that this Court enter judgment in their favor on Plaintiff's First Amended Complaint, award Individual Defendants such fees and

costs as allowed by law, and grant such further relief as this Court deems just, fair, and proper.

## Count VI - Intentional Infliction of Emotional Distress

43.     Plaintiff re-alleges paragraphs 1 through 13 as if fully repleaded herein.

**ANSWER:     Individual Defendants reassert their answers to paragraphs 1 through 13 and incorporate those answers herein as their answer to paragraph 43, as though fully stated.**

44.     Jurisdiction of this court is invoked pursuant to its supplemental jurisdiction under title 28, United States Code §1367.

**ANSWER:     Individual Defendants admit that jurisdiction is proper in the United States District Court for the Northern District of Illinois.**

45.     Defendants intended to inflict severe emotional distress upon Plaintiff and knew that there was a high probability that their conduct would cause him severe emotional distress and mental anguish.

**ANSWER:     Individual Defendants deny the allegations set forth in the above paragraph.**

46.     As a direct and proximate result of this illegal and malicious conduct, Plaintiff suffered extensive damages, including but not limited to severe emotional harm, legal and other out-of-pocket costs and other damages which will be proven at trial.

**ANSWER:     Individual Defendants deny the allegations set forth in the above paragraph.**

WHEREFORE, Individual Defendants pray that this Court enter judgment in their favor on Plaintiff's First Amended Complaint, award Individual Defendants such fees and costs as allowed by law, and grant such further relief as this Court deems just, fair, and proper.

### Count VII -State Law Claims Against Defendant City
### *Respondeat Superior* and Indemnification

**Individual Defendants make no answer to this count because it is not directed at them.**

**WHEREFORE, Individual Defendants pray that this Court enter judgment in their favor on Plaintiff's First Amended Complaint, award Individual Defendants such fees and costs as allowed by law, and grant such further relief as this Court deems just, fair, and proper.**

### AFFIRMATIVE AND 12(b)(6) DEFENSES

1.  Individual Defendants are entitled to qualified immunity. Individual Defendants are governmental officials, namely police officers, who perform discretionary functions. At all times material to the events alleged in Plaintiff's Complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted Individual Defendants could have believed their actions to be lawful, in light of clearly established law and the information the Individual Defendants possessed. *Saucier v. Katz*, 533 U.S. 194, 201 (2001).

2.  As to all state law counts, under the Illinois Tort Immunity Act, Individual Defendants are not liable for any of the claims alleged because public employees are not liable for their acts or omission in the execution or enforcement of any law, unless such acts or omissions constitute willful and wanton conduct. 745 ILCS 10/2-202 (2006).

3.  Under the Illinois Tort Immunity Act, Individual Defendants are not liable for any of the claims alleged because the decision to arrest and respond with reasonable force against Plaintiff's unlawful resisting of arrest, based upon the information and circumstances known to Individual Defendants at the time, was a discretionary decision for which they are immune from liability. 745 ILCS 10/2-201 (2006).

4. Under the Illinois Tort Immunity Act, Individual Defendants are not liable for any of the claims alleged because a public employee, as such, and acting within the scope of his employment is not liable for any injury caused by the act or omission of another person. 745 ILCS 10/2-204 (2006).

5. Any award of damages against the Individual Defendants shall be reduced in proportion to the comparative fault of Plaintiff's own acts or omissions, including but not limited to Plaintiff's own negligent, intentional, or willful and wanton conduct which proximately caused the claimed injuries and damages.

6. Count VI of Plaintiff's First Amended Complaint fails to state a claim upon which relief may be granted because the facts alleged by Plaintiff are not extreme and outrageous under Illinois law.

7. Count V of Plaintiff's First Amended Complaint is time-barred, because under the Tort Immunity Act, the time period for bringing claims against a municipality or its employees is one year. 745 ILCS 10/8-101 (2006).

8. To the extent Plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by application of the principle that Plaintiff had a duty to mitigate his claimed injuries and damages, commensurate with the degree of failure to mitigate attributed to Plaintiff by the jury in this case.

## JURY DEMAND

**Individual Defendants demand trial by jury.**

30 North LaSalle Street, Suite 1400　　　　　　　　Respectfully submitted,
Chicago, Illinois 60602
(312) 742-1842　　　　　　　　　　　　　　　　　　*/Shneur Nathan*
Atty. No. 6294495　　　　　　　　　　　　　　　　SHNEUR NATHAN
　　　　　　　　　　　　　　　　　　　　　　　　　Assistant Corporation Counsel

**CERTIFICATE OF SERVICE**

    I, Shneur Z. Nathan, an attorney, hereby certify that on March 20, 2008, I caused Individual Defendants' Answer to Plaintiff's Complaint, Affirmative Defenses and Jury Demand to be served upon all counsel of record by filing the same before the Court via the ECF system.

                                            /s/ Shneur Z. Nathan
                                            Shneur Z. Nathan