**IN THE UNITED STATED DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| EUGENE BROWN, | ) | |
| | ) | **No.   08 C 0233** |
| Plaintiff, | ) | |
| | ) | JUDGE MANNING |
| v. | ) | |
| | ) | Magistrate Judge Ashman |
| CITY OF CHICAGO, ILLINOIS, and CHICAGO | ) | |
| POLICE OFFICER I. LEE, JR., Star No. 10353, | ) | |
| and CHICAGO POLICE OFFICER S. S. | ) | |
| BRANDON, Star No. 18866, | ) | JURY DEMAND |
| | ) | |
| Defendants. | ) | |

**DEFENDANT CITY OF CHICAGO'S ANSWER, DEFENSES AND**
**JURY DEMAND TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant City of Chicago ("City"), by Mara S. Georges, Corporation Counsel for the City

of Chicago, answers Plaintiff's first amended complaint and states as follows:

**JURISDICTION and VENUE**

1.      This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under

color of law of Plaintiff's rights as secured by the United States Constitution.

**ANSWER:**    The City admits that the federal claims in Plaintiff's complaint are brought

pursuant to 42 U.S.C. § 1983 to redress the alleged deprivation under color of law of Plaintiff's

rights as secured by the United States Constitution.  The City denies the remaining allegations

contained in this paragraph.

2.      This Court has jurisdiction of the action pursuant to 28 U.S.C. §§ 1331, 1343 and

1367.

**ANSWER:**    The City admits the allegations contained in this paragraph.

3.      Venue is proper under 28 U.S.C. § 1391(b).  All parties reside in this judicial district

and the events giving rise to the claims asserted in this complaint occurred within this district.

**ANSWER:**    The City admits that venue is proper under 28 U.S.C. § 1391(b) in that, upon

information and belief, Defendant Officers Lee and Brandon reside in this judicial district, and the

alleged events giving rise to the claims asserted in this complaint occurred within this district.  The

City is without knowledge or information sufficient to form a belief as to the truth of the remaining

allegations contained in this paragraph.

## PARTIES

4.    At all times relevant hereto, Plaintiff Eugene Brown was a 27 year-old, male African-American resident of Chicago, Illinois.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as

to the truth of the allegations contained in this paragraph.

5.    Defendant Officers were at all relevant times Chicago Police Officers employed by the City of Chicago and acting within the scope of their employment and under color of law.

**ANSWER:**    Upon information and belief, the City admits that the Defendant Officers were acting

under color of law and within the scope of their employment when they arrested Plaintiff on January

11, 2007.  The City is without knowledge or information sufficient to form a belief as to the truth

of the remaining allegations contained in this paragraph.

6.    Defendant City of Chicago is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant Officers.

**ANSWER:**    The City admits that it is a municipal corporation, duly incorporated under the laws

of the State of Illinois, and that it employs the Defendant Officers.  The City is without knowledge

or information sufficient to form a belief as to the truth of the remaining allegations contained in this

paragraph.

## FACTUAL ALLEGATIONS

7.    On or about January 11, 2007, Plaintiff was in his residence located at 511 E. Browning Avenue, #506, Chicago, Illinois 60653.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as

to the truth of the allegations contained in this paragraph.

8.    At this time and at all times relevant hereto, Plaintiff was acting fully in conformity with all laws, statutes, and ordinances of the United States, the State of Illinois, and the City of Chicago.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as

to the truth of the allegations contained in this paragraph.

9.    At this time Defendant Officers entered Plaintiff's residence without an arrest warrant, without a search warrant, without exigent circumstances, and without probable cause to believe that Plaintiff was committing or had committed a crime.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as

to the truth of the allegations contained in this paragraph.

10.    Defendant Officers proceeded to forcibly place Plaintiff on the ground while they placed him in handcuffs in an overly restrictive manner and then searched Plaintiff's person and his residence, including his children's bedrooms.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as

to the truth of the allegations contained in this paragraph.

11.    Plaintiff was illegally arrested without being informed of the charges being placed against him after he was unable to produce names of individuals possessing illegal drugs and guns upon demands by Defendant Officers to do so.

**ANSWER:**    The City admits that Plaintiff was arrested.  The City is without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations contained in this

paragraph.

12.    Defendant Officers then transported Plaintiff to the 2nd District Chicago Police Station where he was falsely charged with possession of a controlled substance in violation of 720 ILCS 570.0/402-C and manufacturing/delivery of a controlled substance in violation of 720 ILCS 570.0/401-C-2.

**ANSWER:**     The City admits, upon information and belief, that based upon Chicago Police

Department ("CPD") records, Plaintiff was transported to the 2nd Chicago Police Station,

charged with possession of a controlled substance in violation of 720 ILCS 570.0/402-C, and

charged with manufacturing/delivery of a controlled substance in violation of 720 ILCS 570.0/401-

C-2. The City is without knowledge or information sufficient to form a belief as to the truth of the

remaining allegations contained in this paragraph.

13.     Plaintiff remained in custody until September 7, 2007, after these false charges were
dismissed against Plaintiff by a Cook County Judge on September 5, 2007.

**ANSWER:**     The City admits that the charge of manufacturing/dealing a controlled substance in

violation of 720 ILCS 570/401(c)(2) was disposed of by *nolle prosequi* on September 5, 2007. The

City denies the remaining allegations contained in this paragraph.

### Count I – 42 U.S.C. § 1983 False Arrest

14.     Plaintiff re-alleges paragraphs 1 through 13 as if fully repleaded herein.

**ANSWER:**     The City's answers to paragraphs 1 through 13 in response to the allegations in

Plaintiff's complaint are incorporated herein as its answer to paragraph 14.

15.     On January 11, 2007, Plaintiff was seized and arrested without a warrant and without
probable cause. This seizure and arrest were in violation of the Plaintiff's rights secured under the
Fourth and Fourteenth Amendments of the Constitution of the United States.

**ANSWER:**     The City admits, upon information and belief, that based upon CPD records, Plaintiff

was arrested on January 11, 2007. The City is without knowledge or information sufficient to form

a belief as to the truth of the remaining allegations contained in this paragraph.

16.     Defendant Officers unlawfully and maliciously arrested Plaintiff and wrongfully
detained and searched him without any legal right to do so, in their official capacity as law
enforcement officers, under color of state law, and acting within the scope of their employment.

**ANSWER:**    Upon information and belief, the City admits that the Defendant Officers were acting under color of law and within the scope of their employment when they arrested Plaintiff on January 11, 2007.  The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

17.    The Chicago Police Department has an unwritten policy of failing to update and inform its Police Officers regarding the state of the law of the United States and the State of Illinois.

**ANSWER:**    The City denies the allegations contained in this paragraph.

18.    The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

a.    As a matter of both policy and practice, the Chicago Police Department directly encourages the type of misconduct at issue here by failing to adequately train, supervise and control its officers, and its failure to do so constitutes deliberate indifference;

b.    As a matter of both policy and practice, the Chicago Police Department facilitates the type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting Plaintiff; specifically, Chicago Police officers accused of misconduct are aware that the Office of Professional Standards will not fully investigate these accusations and will almost always refuse to recommend discipline even where the officer has engaged in wrongdoing;

c.    As a matter of widespread practice so prevalent as to comprise municipal policy, Officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;

d.    Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which Officers fail to report misconduct committed by other Officers, such as the misconduct at issue in this case;

e.    The City of Chicago has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here;

f.     As a matter of express policy, the City of Chicago does not retain any records which are more than five years old documenting allegations of misconduct against police officers, thereby preventing the City from ascertaining any patterns of abuse which might develop over the course of a Police Officer's career;

g.     As a matter of express policy, the City of Chicago refuses to take into consideration patterns of allegations of civil rights violations when evaluating the merits of any particular complaint. Regardless, the number of times an Officer is accused of the same misconduct, the Officer [sic] of Professional Standards is forbidden by the City from considering those allegations if they are deemed "unsustained"; and,

h.     The problem with the policy identified in the preceding paragraph is that by its own accounting, the City sustains less than 5% of the complaints brought against Police Officers for violations of civil rights.

**ANSWER:**     The City is without knowledge sufficient to admit or deny the allegation that the City

sustains less than 5% of the complaints brought against Police Officers for violations of civil rights.

The City denies the remaining allegations contained in this paragraph, including its sub-parts.

19.     The acts committed by Defendant Officers were done maliciously, willfully and wantonly, intentionally, and with reasonable certainty that the acts were in violation of the Plaintiff's constitutional rights and would cause harm to the Plaintiff.

**ANSWER:**     The City is without knowledge or information sufficient to form a belief as

to the truth of the allegations contained in this paragraph.

## Count II – 42 U.S.C. § 1983 Unlawful Search

20.     Plaintiff re-alleges paragraphs 1 through 13 as if fully repleaded herein.

**ANSWER:**     The City's answers to paragraphs 1 through 13 in response to the allegations in

Plaintiff's complaint are incorporated herein as its answer to paragraph 20.

21.     Defendant Officers searched Plaintiff without a search warrant and without probable cause to believe Plaintiff was committing or had committed a crime in violation of the 4th Amendment to the United States Constitution.

**ANSWER:**     The City admits, upon information and belief, that based upon CPD records, Plaintiff

was arrested on January 11, 2007.  The City is without knowledge or information sufficient to form

a belief as to the truth of the remaining allegations contained in this paragraph.

22.    The Chicago Police Department has an unwritten policy of failing to update and inform its Police Officers regarding the state of the law of the United States and the State of Illinois.

**ANSWER:**    The City denies the allegations contained in this paragraph.

23.    The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

a.    As a matter of both policy and practice, the Chicago Police Department directly encourages the type of misconduct at issue here by failing to adequately train, supervise and control its officers, and its failure to do so constitutes deliberate indifference;

b.    As a matter of both policy and practice, the Chicago Police Department facilitates the type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting Plaintiff; specifically, Chicago Police officers accused of misconduct are aware that the Office of Professional Standards will not fully investigate these accusations and will almost always refuse to recommend discipline even where the officer has engaged in wrongdoing;

c.    As a matter of widespread practice so prevalent as to comprise municipal policy, Officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;

d.    Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which Officers fail to report misconduct committed by other Officers, such as the misconduct at issue in this case;

e.    The City of Chicago has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here;

f.    As a matter of express policy, the City of Chicago does not retain any records which are more than five years old documenting allegations of misconduct against police officers, thereby preventing the City from ascertaining any patterns of abuse which might develop over the course of a Police Officer's career;

g.    As a matter of express policy, the City of Chicago refuses to take into consideration patterns of allegations of civil rights violations when evaluating the merits of any particular complaint.  Regardless, the number of times an Officer is accused of the same misconduct, the Officer [sic] of Professional Standards is forbidden by the City from considering those allegations if they are deemed "unsustained"; and,

h.    The problem with the policy identified in the preceding paragraph is that by its own accounting, the City sustains less than 5% of the complaints brought against Police Officers for violations of civil rights.

**ANSWER:**    The City is without knowledge sufficient to admit or deny the allegation that the City

sustains less than 5% of the complaints brought against Police Officers for violations of civil rights.

The City denies the remaining allegations contained in this paragraph, including its sub-parts.

24.    The aforementioned actions of the Defendant Officers proximately caused Plaintiff to be deprived of his 4th Amendment right to be free from unlawful searches.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as

to the truth of the allegations contained in this paragraph.

## Count III – 42 U.S.C. § 1983 Conspiracy

25.    Plaintiff re-alleges paragraph [sic] 1 through 13 as if fully repleaded herein.

**ANSWER:**    The City's answers to paragraphs 1 through 13 in response to the allegations in

Plaintiff's complaint are incorporated herein as its answer to paragraph 25.

26.    Defendant Officers and Defendant City of Chicago reached an understanding, engaged in a sequence of events or course of conduct and otherwise agreed and conspired together to violate the constitutional rights of Plaintiff.

**ANSWER:**    The City denies the allegations in this paragraph to the extent that they pertain to the

City.  The City is without knowledge or information sufficient to form a belief as to the

truth of the remaining allegations contained in this paragraph.

27.    Each Defendant did reach this understanding and agreement and did engage in this course of conduct with the mutual purpose, objective and knowledge that it would deprive Plaintiff of his right of due process, as guaranteed by the constitution.

**ANSWER:**    The City denies the allegations in this paragraph to the extent that they pertain to the

City.  The City is without knowledge or information sufficient to form a belief as to the

truth of the remaining allegations contained in this paragraph.

28.    Additionally, said conspiracy and joint action violated Plaintiff's 4th Amendment rights, under color of law, in contravention of 42 U.S.C. § 1983.

**ANSWER:**    The City denies the allegations in this paragraph to the extent that they pertain to the

City.  The City is without knowledge or information sufficient to form a belief as to the

truth of the remaining allegations contained in this paragraph.

29.    The Chicago Police Department has an unwritten policy of failing to update and inform its Police Officers regarding the state of the law of the United States and the State of Illinois.

**ANSWER:**    The City denies the allegations contained in this paragraph.

30.    The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

a.    As a matter of both policy and practice, the Chicago Police Department directly encourages the type of misconduct at issue here by failing to adequately train, supervise and control its officers, and its failure to do so constitutes deliberate indifference;

b.    As a matter of both policy and practice, the Chicago Police Department facilitates the type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting Plaintiff; specifically, Chicago Police officers accused of misconduct are aware that the Office of Professional Standards will not fully investigate these accusations and will almost always refuse to recommend discipline even where the officer has engaged in wrongdoing;

c.    As a matter of widespread practice so prevalent as to comprise municipal policy, Officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;

d.    Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which Officers fail to report

misconduct committed by other Officers, such as the misconduct at issue in this case;

e.    The City of Chicago has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here;

f.    As a matter of express policy, the City of Chicago does not retain any records which are more than five years old documenting allegations of misconduct against police officers, thereby preventing the City from ascertaining any patterns of abuse which might develop over the course of a Police Officer's career;

g.    As a matter of express policy, the City of Chicago refuses to take into consideration patterns of allegations of civil rights violations when evaluating the merits of any particular complaint. Regardless, the number of times an Officer is accused of the same misconduct, the Office of Professional Standards is forbidden by the City from considering those allegations if they are deemed "unsustained"; and,

h.    The problem with the policy identified in the preceding paragraph is that by its own accounting, the City sustains less than 5% of the complaints brought against Police Officers for violations of civil rights.

**ANSWER:**    The City is without knowledge sufficient to admit or deny the allegation that the City

sustains less than 5% of the complaints brought against Police Officers for violations of civil rights.

The City denies the remaining allegations contained in this paragraph, including its sub-parts.

31.    This course of conduct by Defendants was done willfully, maliciously, intentionally, or with reckless disregard and gross negligence, and directly and proximately caused injury and harm to Plaintiff.

**ANSWER:**    The City denies the allegations contained in this paragraph to the extent that they

pertain to the City. The City is without knowledge or information sufficient to form a belief as

to the truth of the remaining allegations contained in this paragraph.

## COUNT IV

## Malicious Prosecution

32.    Plaintiff re-alleges paragraphs 1 through 13 as if fully repleaded herein.

**ANSWER:**    The City's answers to paragraphs 1 through 13 in response to the allegations in

Plaintiff's complaint are incorporated herein as its answer to paragraph 32.

33.    Defendant Officers initiated and continued judicial proceedings against Plaintiff by intentionally making knowingly false statements in police reports and causing false testimony to be presented to a Cook County judge.  This false and malicious conduct resulted in Plaintiff being charged with and prosecuted for unlawful use of a weapon.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the

truth of the allegations contained in this paragraph.

34.    Defendant Officers instituted the judicial proceedings against Plaintiff with malice and with willful and wanton disregard for the truth.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the

truth of the allegations contained in this paragraph.

35.    Defendant Officers brought said false charges and continued the prosecution of such false charges in order to cover up their own illegal conduct.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the

truth of the allegations contained in this paragraph.

36.    On September 5, 2007, Plaintiff's case was dismissed by a Cook County Judge for a finding of not guilty.

**ANSWER:**    The City admits that on September 5, 2007, the charge of manufacturing/delivering

a controlled substance in violation of 720 ILCS 570.0/401(c)(2) against Plaintiff was disposed of by

*nolle prosequi*.  The City denies the remaining allegations contained in this paragraph.

37.    As a direct and proximate result of this illegal and malicious conduct, Plaintiff has suffered extensive damages, including but not limited to: severe emotional harm, legal and other out-of-pocket costs and other damages which will be proven at trial.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the

truth of the allegations contained in this paragraph.

## Count V – False Imprisonment

38.     Plaintiff re-alleges paragraphs 1 through 13 as if fully repleaded herein.

**ANSWER:**    The City's answers to paragraphs 1 through 13 in response to the allegations in

Plaintiff's complaint are incorporated herein as its answer to paragraph 38.

39.     Jurisdiction of this court is invoked pursuant to its supplemental jurisdiction under title 28, United States Code § 1367.

**ANSWER:**    The City admits the allegations contained in this paragraph.

40.     On January 11, 2007, Plaintiff was seized and detained without a warrant and without probable cause.  This detention and seizure was in violation of the Plaintiff's rights secured under the Fourth and Fourteenth Amendments of the Constitution of the United States.

**ANSWER:**    The City admits, upon information and belief, that based upon CPD records, Plaintiff

was arrested on January 11, 2007.  The City is without knowledge or information sufficient to form

a belief as to the truth of the remaining allegations contained in this paragraph.

41.     Defendant Officers and Defendant City unlawfully seized, detained, and wrongfully searched Plaintiff without any legal right to do so.

**ANSWER:**    The City denies the allegations contained in this paragraph to the extent that they

pertain to the City.   The City is without knowledge or information sufficient to form a belief as to

the truth of the remaining allegations contained in this paragraph.

42.     The acts committed by Defendant Officers and Defendant City were done maliciously, willfully and wantonly, intentionally, and with reasonable certainty that the acts were inv violation of the Plaintiff's constitutional rights and would cause harm to the Plaintiff.

**ANSWER:**    The City denies the allegations contained in this paragraph to the extent that they

pertain to the City.  The City is without knowledge or information sufficient to form a belief as

to the truth of the remaining allegations contained in this paragraph.

## Count VI – Intentional Infliction of Emotional Distress

43.     Plaintiff re-alleges paragraphs 1 through 13 as if fully repleaded herein.

**ANSWER:**    The City's answers to paragraphs 1 through 13 in response to the allegations in

Plaintiff's complaint are incorporated herein as its answer to paragraph 43.

44.    Jurisdiction of this court is invoked pursuant to its supplemental jurisdiction under
title 28, United States Code § 1367.

**ANSWER:**    The City admits the allegations contained in this paragraph.

45.    Defendants intended to inflict severe emotional distress upon Plaintiff and knew that
there was a high probability that their conduct would cause him severe emotional distress and mental
anguish.

**ANSWER:**    The City denies the allegations contained in this paragraph to the extent that they

pertain to the City.  The City is without knowledge or information sufficient to form a belief as

to the truth of the remaining allegations contained in this paragraph.

46.    As a direct and proximate result of this illegal and malicious conduct, Plaintiff
suffered extensive damages, including but not limited to severe emotional harm, legal and other out-
of-pocket costs and other damages which will be proven at trial.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the

truth of the allegations contained in this paragraph.

### Count VII – State Law Claims against Defendant City
### _Respondeat Superior_ and Indemnification

47.    Plaintiff re-alleges paragraphs 1 through 13 as if fully repleaded herein.

**ANSWER:**    The City's answers to paragraphs 1 through 13 in response to the allegations in

Plaintiff's complaint are incorporated herein as its answer to paragraph 47.

48.    Illinois law provides that public entities, such as Defendant City, are directed to pay
any compensatory damages on a tort judgment against an employee who was acting within the scope
of his or her employment.

**ANSWER:**    The City states that the allegation that "public entities, such as Defendant City, are

directed to pay any compensatory damages on a tort judgment against an employee who was acting

within the scope of his or her employment[,]" is a vague, incomplete and/or inaccurate statement of

the City's liability under Illinois law; therefore, this allegation is denied.

49.    At all relevant times, Defendant Officers were agents of Defendant City and employees of the Chicago Police Department acting within the scope of their employment. Defendant City, therefore, is liable as principal for all torts committed by its agents, Defendant Officers.

**ANSWER:**    The City admits, upon information and belief, based upon CPD records, that

the named Defendant Officers were employees of the CPD and acting within the scope of their

employment when they arrested Plaintiff on January 11, 2007.  Defendant City states that the

allegation that it "is liable as principal for all torts committed by its agents" is a vague, incomplete

and/or incorrect statement of the nature of the City's liability under the doctrine of *respondeat*

*superior* under Illinois law; therefore, this allegation is denied.  The City is without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations contained in this

paragraph.

WHEREFORE, Defendant City of Chicago prays that this Court enter judgment in its favor

on Plaintiff's complaint, award Defendant City of Chicago such costs and fees as allowed by law,

and grant such further relief as this Court deems just and proper.

## AFFIRMATIVE DEFENSES

1.    The City is not liable to Plaintiff if its employees or agents are not liable to

Plaintiff.  745 ILCS 10/2-109 (2006).

2.    To the extent any employee or agent of the City was acting within the scope of his

or her employment, that employee or agent is not liable for his or her acts or omissions in the

execution or enforcement of the law, unless such act or omission constitutes willful and wanton

conduct.  745 ILCS 10/2-202 (2006).

3.    The City is not liable for any injury caused by the act or omission of another

person.  745 ILCS 10/2-204 (2006).

4.    To the extent any injuries or damages claimed by Plaintiff were proximately caused, in whole or in part, by the negligent, willful, wanton, and/or other wrongful conduct on the part of Plaintiff, any verdict or judgment obtained by Plaintiff must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to Plaintiff by the jury in this case.  See Poole v. City of Rolling Meadows, 167 Ill. 2d 41, 656 N.E. 2d 768, 212 Ill. Dec. 171 (1995).

5.    To the extent that Plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by application of the principle that Plaintiff has a duty to mitigate, commensurate with the degree of failure to mitigate attributed to Plaintiff by the jury in this case.

6.    As to Plaintiff's state law claims, the City is not liable to pay attorney's fees as "the law in Illinois clearly is that absent a statute or contractual agreement, attorney fees and the ordinary expenses and burdens of litigation are not allowable to the successful party." *See Kerns v. Engelke*, 76 Ill.2d 154, 166 (1979) (citations omitted).

7.    Under the Tort Immunity Act, the City is not required to pay punitive or exemplary damages in any action brought directly or indirectly against it to the injured party or a third party. 745 ILCS 10/2-102 (2006).

### <u>JURY DEMAND</u>

Defendant City of Chicago respectfully requests a trial by jury.

Respectfully submitted,

MARA S. GEORGES
Corporation Counsel
City of Chicago

By:   <u>/s/ Thomas J. Aumann</u>
       THOMAS J. AUMANN
       Assistant Corporation Counsel

City of Chicago, Department of Law
30 North LaSalle Street
Suite 1020
Chicago, Illinois  60602
(312) 744-1566 (Phone)
(312) 744-3989 (Fax)
Attorney No. 06282455

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| EUGENE BROWN, | ) | |
| | ) | **No.    08 C 0233** |
| Plaintiff, | ) | |
| | ) | JUDGE MANNING |
| v. | ) | |
| | ) | Magistrate Judge Ashman |
| CITY OF CHICAGO, ILLINOIS, and CHICAGO | ) | |
| POLICE OFFICER I. LEE, JR., Star No. 10353, | ) | |
| and CHICAGO POLICE OFFICER S. S. | ) | |
| BRANDON, Star No. 18866, | ) | JURY DEMAND |
| | ) | |
| Defendants. | ) | |

**NOTICE OF FILING AND CERTIFICATE OF SERVICE**

To:   Jeffrey B. Granich                          Shneur Z. Nathan
      Law Offices of Jeffrey B. Granich           Assistant Corporation Counsel
      53 West Jackson Boulevard                    30 North LaSalle Street
      Suite 840                                    Suite 1400
      Chicago, Illinois  60604                     Chicago, Illinois  60602
      jeffreygranich@mac.com                       lw09512@cityofchicago.org

     **PLEASE TAKE NOTICE** that on this 2nd day of April, 2008, I have caused to be e-filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, **Defendant City of Chicago's Answer, Defenses, and Jury Demand to Plaintiff's First Amended Complaint**, a copy of which is herewith served upon you.

     I hereby certify that I have served this notice and the attached document by causing it to be delivered by electronic means in compliance with Local Rule 5.9 to the above persons at the above listed e-mail addresses this 2nd day of April, 2008.

                                        /s/ Thomas J. Aumann
                                        THOMAS J. AUMANN
                                        Assistant Corporation Counsel

City of Chicago, Department of Law
30 North LaSalle Street
Suite 1020
Chicago, Illinois  60602
Attorney No. 06282455